No. 688

NORRIS v. McGONIGLE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7615. Decided June 20, 1927.

1105. STATUTE OF FRAUDS — Where promise to pay debt of another is to serve purpose of party making promise, not necessary to have promise in writing.

1235. VERDICTS—362. Debtor and Creditor—Error to apply payment against account of third party when jury finds such account has not been assumed by party making payment.

Error to Common Pleas.

Judgment reversed.
Final judgment entered.

First Publication of this Opinion.

VICKERY, J.

McGonigle brought an action in the court below on two certain causes of action, one that purported to be an account stated, asking for something like $300, and the other upon an open account of some $545.

The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

On trial, a verdict was rendered in favor of the defendant, on the cause of action on the account stated and against the defendant on the cause of action on the open account.

It seems that Kate Norris was the widow of Wm. Norris, who had conducted a meat market during his life time, and that there was a bill against him in favor of McGonigle amounting to $1,320.48. There is something either in the record or argument to the effect that Mrs. Norris desired to carry on the business of her husband and that therefore she did not want the account of McGonigle to be presented against the estate, that she would pay it, and that upon that basis the account stated was claimed in the first cause of action. The jury, as already stated, found in favor of Mrs. Norris upon this proposition.

On February 18, 1922, a check for $700 was given by Mrs. Norris to McGonigle and it is disputed as to where this check should be applied. This is the real question in this law suit. At the time the check was given, besides the debt that was due from the estate, or, if the contention of McGonigle is right, this debt which was assumed by Mrs. Norris, she also had a debt individually which was due and accruing, and amounted to $545.23, and, according to her testimony which is not disputed, she told McGonigle to apply so much of that check as would be necessary to cancel her debt and apply the balance upon the account of her husband. Instead of doing this, McGonigle applied the whole check upon the debt that he claimed due from the husband, upon the theory, I presume, that Mrs. Norris had assumed this obligation as he claims.

If the theory of McGonigle is correct, that she had a purpose of her own in not having the meat market closed and that he should not present it against the estate, and that she promised that she would pay it, this would not be within the statute of frauds, as all the authorities hold that, although it amounted to the payment of a debt of a third party, or of an estate, if you please, out of her own estate, it still was not within the statute, because it served a purpose of her own and therefore it was not necessary to have that promise in writing. Apparently the jury must have found that she did not promise to pay this, that there never had been an assumption of it by her in such a way that she would be liable. Then when she gave this check, irrespective of her open declaration that it should be applied upon her account, it was the duty of the defendant to apply it upon her account, unless she especially agreed that it should be applied upon the other debt.

Now this being the state of the record, we think the jury was in error. The $700 check should have been thus applied and then there would be no indebtedness from her to the McGonigles. Consequently the verdict was wrong and contrary to law.

We therefore, hold that this case must be reversed, and inasmuch as the first cause of action is taken care of by the verdict of the jury, to which there is no error prosecuted, the check, which was given by her, cancelled her

debt. There was nothing due from her and that should have been the judgment of the court. We therefore reverse this case, for the reasons given, and enter up final judgment for Mrs. Norris.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Payer, Minshall, Karch & Kerr for Norris; Kreuger & Pelton for McGonigle; all of Cleveland.